# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:07 CR 171 |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| LAVELLE BLOCK, | ) | MEMORANDUM OPINION |
| Defendant. | ) | AND ORDER |

This matter comes before the Court upon Defendant, Lavelle Block's Motion to Reduce Sentence Under Section 404 of the First Step Act of 2018. (ECF # 51). The government filed a Response in Opposition to the motion, and Defendant filed a Reply. (ECF #52, 53). The Court also held a status conference on May 14, 2019, in which Mr. Block's lawyer provided more information on Mr. Block's post-conviction conduct, and the support system that would be available to him upon release. The matter is now ready for consideration.

Mr. Block was sentenced on July 28, 2008 after pleading guilty to one count of possession with intent to distribute more than 50 grams of cocaine base ("crack"), and acknowledged that additional penalties under §841(b)(1)(A) applied. (ECF #33). His Pre-sentence Investigation Report also correctly identified Mr. Block as a career offender, subject to the penalties provided under U.S.S.G. §4B1.1. At his sentencing hearing, following all applicable enhancements and adjustments, including reductions for acceptance of responsibility,

the Court found his total offense level to be 34. He had a statutory sentencing range of 20 years to life, and his guideline range was 262-327 months. Based on all of the information available to the at the time of sentencing, the Court determined that the mandatory statutory minimum sentence was sufficient but not greater than necessary to effectuate the purposes of sentencing, and imposed the mandatory minimum sentence of 240 months, to be followed by ten years of supervised release.

On December 21, 2018, the First Step Act of 2018 was signed into law. Section 404 of the Act provides that a court that imposed a sentence for a covered offense may, on motion of the defendant. . . impose a reduced sentence as if sections two and three of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed. However, no court shall entertain a motion made under section 404 if the sentence was previously imposed or reduced in accordance with sections two and three of the Fair Sentencing Act, or if prior request made under this section was denied after a complete review on the merits. Reductions are not mandatory, but are left to the discretion of the sentencing judge. See, Pub. L. No. 115-391, Title IV, § 404, Dec. 21, 2018.

Both parties agree that if the Fair Sentencing Act had been in place at the time of Mr. Block's original sentencing, his mandatory minimum sentence would have been reduced from twenty years to ten years. They also agree that his maximum sentence would have remained life imprisonment, and he would have been subject to a mandatory eight years of supervised release, rather than ten. The government argues, however, that Mr. Block's term of imprisonment should not be reduced because the guideline range that corresponded to his total offense level and criminal history category has not changed, and was not affected by the mandatory minimum in

2

place at the time. Mr. Block argues, however, that his original sentence was not based upon the guideline range in place at the time, but rather was based on the mandatory minimum sentence available to the Court at that time. Since that mandatory minimum sentence has since been reduced to ten years, Mr. Block argues that his sentence should be reduced accordingly.

Section 404(c) of the First Step Act makes clear that a sentencing reduction under the Act is discretionary. In deciding whether to grant such a reduction, courts are to consider the factors set forth in Section 3553(a), which require consideration of the applicable guideline range as well as all other pertinent information about the offender's history and conduct. In addition, under Pepper v. United States, 526 U.S. 476 (2011), courts may consider post-offense conduct, either positive or negative, in assessing whether to adjust a previously imposed sentence.

The Court's previous decision to depart from the applicable guideline range is not being questioned and was fully supported by the information previously available at the time of Mr. Block's sentencing. (ECF #35). The Court has taken into account all of the same considerations, including but not limited to the Defendants upbringing and early exposure to drugs through his parents and other family members; the Defendant's conduct during and after arrest; and, the type of crime at issue. Further, as is required, the Court has considered changes in post-sentencing circumstances, including but not limited to Congress' recent recognition that the original mandatory minimum sentence over-represented the seriousness of the offense; Mr. Block's good behavior and positive efforts toward rehabilitation, treatment, and vocation training while incarcerated; and the support Mr. Block will have from his wife and daughter upon release. Taking these, and all other relevant factors into consideration, the Court finds that the time Mr. Block has already served in this case, which exceeds the new mandatory minimum statutory

sentence for his past conduct, is sufficient but not more than necessary to meet the ends of justice. Therefore, Mr. Block's sentence is reduced pursuant to the First Step Act to "time served."

The parties agree that Mr. Block is also entitled to a reduction in the duration of his supervised release. Therefore, his term of supervised release is reduced from ten years to eight years. For the above reasons, this Court GRANTS Mr. Block's petition for relief. (#51). Mr. Block's sentence is reduced to TIME SERVED, and his term of supervised release is reduced to eight years. All other aspects of his original sentence remain intact. IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: May 14, 2019